# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TANIA HENDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:15-CV-1556-CEJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the court is Tania Henderson's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. ' 2255 [doc. 1]. For the following reasons, the court will instruct movant to show cause why this action should not be dismissed as time-barred.

On April 29, 2013, movant pled guilty to theft of government funds, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). She was sentenced on July 30, 2013, to 144 months= imprisonment and three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on April 4, 2014. *United States v. Henderson*, No. 13-2755 (8th Cir. 2014).

Movant seeks relief from her conviction and sentence on the grounds that she was not given the *Miranda* warnings before being questioned by law enforcement and she was denied effective assistance of counsel.

## Discussion

Rule 4(b) of the Rules Governing ' 2255 Cases in the United States District Courts provides that a district court may summarily dismiss a ' 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. ' 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. ' 2255(1) and subject to summary dismissal. The Eighth Circuit affirmed movant's conviction on April 4, 2014, but the motion to vacate was not deemed filed until September 26, 2015, the date it was placed in the prison mailing system. Thus, even affording movant ninety days following the appellate court's ruling, her motion to vacate appears to be untimely by approximately three months.

The Court notes that in the section labeled ATimeliness of Motion: If your judgment of conviction became final over one year ago, you must explain why the one-year limitations . . . does not bar your motion,@ movant responded, AI was waiting for an appeal and my first 2255. My first 2255 was denied because I had an appeal in process. Once my appeal was denied, I was transferred to another institution therefore, I am doing it at the present time." Movant=s response is insufficient to warrant the tolling of the one-year limitation period. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner=s control make it impossible to file timely petition).

Because movant has not advanced an explanation that warrants tolling of the one-year statute of limitations, the court will order her to show cause within thirty days of the date of this order as to why this action should not be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing within thirty (30) days of the date of this order, why this action should not be dismissed as time-barred. Movant=s failure to file a response shall result in the denial of the instant motion to vacate and the dismissal of this action as time-barred.

Dated this 14th day of October, 2015.

_____
UNITED STATES DISTRICT JUDGE