# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TANIA HENDERSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1556-CEJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

Before the court is the response of movant Tania Henderson to the order directing her to show cause why this action should not be dismissed as untimely [Doc. 4]. For the reasons set forth below, the court finds no extraordinary circumstance to justify equitable tolling, and therefore, this case will be dismissed as time-barred.

### Background

On April 29, 2013, movant pled guilty to theft of government funds, in violation of 18 U.S.C. § 641, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). She was sentenced on July 30, 2013, to 144 months' imprisonment and three years of supervised release. The United States Court of Appeals for the Eighth Circuit affirmed the judgment on April 4, 2014, *United*

*States v. Henderson*, No. 13-2755 (8th Cir. 2014). The instant motion to vacate was deemed filed on September 26, 2015, the date the motion was signed and placed in the prison mailing system. As such, even with affording movant a 90-day grace period after the appellate proceedings ended, her motion to vacate appeared to be untimely by approximately three months.

In the motion to vacate, movant gave the following reason for exceeding the one-year limitations period: "I was waiting for an appeal and my first 2255. My first 2255 was denied because I had an appeal in process. Once my appeal was denied, I was transferred to another institution therefore, I am doing it at the present time." Finding that movant's response did not warrant the tolling of the one-year limitation period, the court gave her an opportunity to show cause why this action should not be dismissed as untimely. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).

In her current response, movant states that when she was at "Coleman Camp in Florida," she was "unwell" and was diagnosed with a blood disorder known as "idiopathic thrombocytopenic purpura" (ITP). Movant further states, "This disease randomly forms antibodies which destroy the body's platelets thus causing clots throughout the entire body." Movant claims that his caused her "severe

pain, migraines, joint pain, and unspeakable inflammation of [her] body cells." She summarily states that she was transferred from Coleman Camp on March 17, 2015, "and did not arrive at FMC Carswell until April 7, 2015, with treatment beginning in August 2015." It is unclear where movant was from March 17 to April 7. Movant states that the treatments took place "weekly" and were "intense taking six hours as platelets were given to [her] through [an] IV." Movant has not attached any medical records to her show cause response.

## Discussion

After carefully reviewing movant's response, the court concludes she has failed to demonstrate that extraordinary circumstances beyond her control made it impossible to file a timely § 2255 motion. Movant's allegations that she was "unwell" and suffered from severe pain resulting from ITP do not, in and of themselves, excuse her from filing a timely habeas petition within the one-year limitations period. Her allegations regarding her medical condition are not supported by any documentation. Even assuming that the allegations are true, movant does not state how her medical problems adversely affected her ability to function generally or how they impeded her ability to file a timely § 2255 motion. *See Reyna-Romero v. United States*, 2011 WL768651 (N.D. Iowa 2011). Moreover, movant cannot rely on the the six-hour intensive IV treatments as

3

justification, because the one-year limitations period expired on or about July 4, 2015, one month before the treatments began.

To the extent that movant is attempting to claim a mental or psychological impairment, the court finds that her conclusory and unsubstantiated claims relative to why she did not file this action until late September 2015 do not establish the extraordinary circumstances required for equitable tolling. *See Lake v. Arnold,* 232 F.3d 360, 371 (3d Cir. 2000) (mental incompetency by itself is not a per se reason to toll statute of limitations); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999); *Rios v. Mazzuca*, 78 Fed.Appx. 742 (2nd Cir. 2003); *Brown v. McKee*, 232 F.Supp.2d 761 (E.D.Mich. 2002).

Finally, movant does not claim or present any evidence that she acted diligently to file this matter within the one-year time frame. In summary, movant has failed to show that any extraordinary circumstance prevented timely filing and she has not demonstrated her entitlement to equitable tolling. Therefore, her motion to vacate will be denied.

Dated this 9th day of November, 2015.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE